## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**RENATA FOREMAN**                                                **CIVIL ACTION**

**VERSUS**                                                         **NO. 22-0467-ILRL-JVM**

**SHELLY DICK, ET AL.**

### O R D E R

Plaintiff has filed a motion seeking my disqualification. Rec. Doc. 6. For the following reasons, that motion is **DENIED**.

In her motion, plaintiff seeks my disqualification pursuant to 28 U.S.C. § 455(a). That provision states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Obviously, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (quotation marks omitted). On the contrary, the United States Fifth Circuit Court of Appeals has explained that the "recusal standard is objective; the relevant inquiry is **whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality**." Trevino v. Johnson, 168 F.3d 173, 178 (5th Cir. 1999) (emphasis added; quotation marks omitted). In this context, the reasonable person is contemplated to be "a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Id. at 179 (quotation marks omitted).

Moreover, the Fifth Circuit has held:

> Our Circuit has recognized that section 445(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue.

United States v. Bremers, 195 F.3d 221, 226 (5th Cir. 1999). Therefore, disqualification motions must "rest upon a factual basis so as to avoid giving parties a random veto over the assignment of judges." United States v. Giorgi, 840 F.2d 1022, 1034 (1st Cir. 1988). And, here, it is on the underlying facts that plaintiff's motion most clearly falters.

In her motion, plaintiff suggests that I would be biased in the instant matter given my participation as a private attorney representing the defendant in Mallory Ruh v. Superior Home Health Care, Inc., Civ. Action No. 15-439 (M.D. La.). Her theory proceeds as follows: Judge Shelly Dick, a defendant in the instant lawsuit, was the presiding judge in Ruh. In that case, Judge Dick granted in part a defense motion for summary judgment. See Ruh v. Superior Home Health Care, Inc., Civ. Action No. 15-439, 2017 WL 2702225 (M.D. La. June 22, 2017). Judge Dick therefore "hand pick[ed]" me as the United States Magistrate Judge assigned to the instant lawsuit so that I could "pay that favor back" by similarly issuing recommendations or rulings favorable to her in this matter.

That theory is based on a fundamental misunderstanding of what occurred in Ruh. It is true that I initially served as one of the attorneys representing the defendant in that matter. However, after I was selected to serve as a United States Magistrate Judge, **I withdrew from that litigation in June of 2016**, and Elizabeth A. Roussel was substituted as defense counsel in my place at that time. The motion for summary judgment in question was not filed by Ms. Roussel

2

(and co-counsel Kellen James Mathews) until **November of 2016**, more than five months **after** I withdrew from the case. Moreover, Judge Dick entered her order granting that motion in part on in **June of 2017**, more than one year **after** my withdrawal. In light of those circumstances, no well-informed, thoughtful, and objective observer would conclude that Judge Dick's ruling on the motion for summary judgment in Ruh benefitted me in any way, much less made me beholden to her.

It is further incorrect to suggest that Judge Dick "hand pick[ed]" me as the United States Magistrate Judge assigned to the instant lawsuit. Although she signed the order transferring the case, Judge Dick had no role whatsoever in the selection of the Eastern District's Magistrate Judge or District Judge assigned to this case after the judges from the Middle District of Louisiana recused themselves.

I am convinced that no reasonable person, knowing all of the circumstances of Ruh and of this case, would harbor doubts about my impartiality.

New Orleans, Louisiana, this 9th day of September, 2022.

*/s/ Janis Van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**