UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENATA FOREMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-0467-ILRL-JVM** |
| **SHELLY DICK, ET AL.** | |

### ORDER & REASONS

Pending before the court is plaintiff pro se Ms. Renata Foreman's motion to recuse and disqualify the undersigned District Judge and the Magistrate Judge of the Eastern District of Louisiana, assigned to preside over the captioned Middle District of Louisiana (MDLA) action.[1] Rec. Doc. 10. For the following reasons, that motion is DENIED.

28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Motions to disqualify judges are evaluated by applying an objective standard. The relevant inquiry is whether a reasonable person, were he/she to know all the circumstances, would harbor doubts about the judge's impartiality. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (quotation marks omitted). That inquiry is "fact driven," *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999).

While asserting several allegations in the original and four amending complaints against the presiding MDLA judge over her criminal case[2], the instant recusal motion contains no factual

---

[1] Plaintiff previously filed a similar motion seeking the disqualification of United States Magistrate Judge Meerveld. Rec. Doc. 6. That motion was denied on September 9, 2022 with written reasons. Rec. Doc. 9.

[2] The original complaint states Chief Judge Dick presided over plaintiff's criminal case while knowing there was a basis for disqualification. As relief, plaintiff seeks financial relief and release from federal custody. Rec. Doc. 1. The four subsequent amended complaints substantially restate the original allegations against the judge and adds as

1

allegations that would cause a reasonable person to doubt the impartiality of the judges currently assigned to this case. As basis for this motion, plaintiff incorrectly concludes we were "hand-picked" or "designated" by Chief Judge Dick to hear this case. Rec. Doc. 10. To the contrary, the undersigned's authority and designation to hear cases in another federal district, including the Middle District of Louisiana, comes from the Chief Circuit Judge of the United States Court of Appeals for the Fifth Circuit…not Chief District Judge Dick. (See Attachment). The en banc order transferring this case was a perfunctory one following the recusal of the judges of the Middle District of Louisiana. Rec. Doc. 3.

New Orleans, Louisiana, this 6th day of October 2022

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

defendants her defense attorneys, federal agents and prosecuting attorneys involved in her criminal case, stating they were aware of Chief Judge Dick's grounds for disqualification and worked together to bring about a wrongful conviction and incarceration. Rec. Docs. 2, 4, 13, 14. The conviction and sentence was affirmed on March 12, 2020. *USA v. Foreman*, No. 19-30208, 797 Fed.Appx. 867 (5th Cir. 2020). Plaintiff also has related pending motions in the criminal case for §2255 relief, compassionate release, and recusal of Chief Judge Dick. See MDLA No. 17-cr-00119-SDD-EWD at Rec. Docs. 121, 145, 170 and 173, respectively.