UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**RENATA FOREMAN**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 22-0467-ILRL-JVM**

**SHELLY DICK, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff, Renata Foreman, a federal prisoner, filed this federal civil rights complaint,[1] which she thereafter amended on numerous occasions.[2] Because the various amended pleadings did not specifically refer to, adopt, or incorporate by reference her earlier pleadings, it became unclear exactly whom she intended to sue and what claims she intended to assert. Therefore, she was directed to file an amended and superseding complaint identifying each individual or entity she sought to sue and providing a short and plain statement of each claim she wished to assert against each such individual or entity. She was warned that the amended and superseding complaint would then be the only operative version of the complaint, entirely replacing all prior versions of the complaint – and, therefore, any claims appearing in a prior version of the complaint but omitted from the amended and superseding complaint would be deemed abandoned.[3]

Plaintiff thereafter filed an amended and superseding complaint against the following defendants: United States District Judge Shelly Dick, the judge who presided over her criminal trial; Special Agents Michael Greer and Josh Wilburn, the federal agents who conducted a search as part of her federal criminal case; and Mark Upton, Dustin Talbot, and Rachel Conner, the

---

[1] Rec. Doc. 1.
[2] Rec. Docs. 2, 4, 7, 12, 13, 14, 15, and 18.
[3] Rec. Doc. 16.

attorneys who represented her in the federal criminal proceedings.[4] Although plaintiff's amended and superseding complaint is largely a rambling screed alleging various forms of misconduct purportedly perpetrated by the defendants in her criminal investigation and related court proceedings, it is apparent that she is asserting the following claims in this federal lawsuit:

> 1. Judge Dick should have recused herself from presiding over plaintiff's federal criminal case because Judge Dick, as a result of her prior involvement with the Louisiana Workforce Commission, was biased against plaintiff. That purported bias allegedly caused Judge Dick to violate – and to continue to violate – plaintiff's rights in that criminal case.
>
> 2. Special Agents Greer and Wilburn exceeded the scope of a search warrant. That resulted in an illegal search and the seizure of evidence subsequently introduced at trial by the prosecution to secure plaintiff's allegedly wrongful convictions.
>
> 3. Attorneys Upton, Talbot, and Conner provided ineffective assistance of counsel in plaintiff's federal criminal proceedings.

In the referenced federal criminal proceedings in the United States Middle District of Louisiana, plaintiff was convicted by a jury of three counts of wire fraud and three counts of aggravated identity theft, and she was sentenced to a total term of imprisonment of 111 months. See United States v. Foreman, No. 3:17-cr-00119, 2019 WL 3976171 (M.D. La. Mar. 15, 2019). That judgment was affirmed on appeal. United States v. Foreman, 797 F. App'x 867 (5th Cir. 2020). She thereafter filed a number of motions seeking various forms of relief in the District Court, but, to date, those motions have met with no success. She also sought additional relief from

---

[4] Rec. Docs. 20 and 23.

the United States Fifth Circuit Court of Appeals; however, that, too, was denied, with the Court of Appeal holding:

> Renata Foreman, federal prisoner #33270-034, seeks authorization to file a successive 28 U.S.C. § 2255 motion to contest her convictions for wire fraud and aggravated identity theft. She concedes that her first § 2255 proceeding is pending in the district court. She suggests that she moved for authorization due to the lack of action on her initial motion, which has been pending for more than two years, and concedes that most of the claims that she seeks to raise are identical to those asserted in her original motion.
> Because Foreman's first § 2255 motion has not been adjudicated and remains pending in the district court, the instant motion is premature. For that reason, IT IS ORDERED that the instant motion for authorization is DENIED. See Woollard v. United States, 416 F.2d 50, 51 (5th Cir. 1968). Moreover, the motion for authorization contains disrespectful and abusive language as to the district court judge considering the original § 2255 motion. Foreman is WARNED that future filings containing similar language may invite the imposition of sanctions.

In re Foreman, No. 22-30471 (5th Cir. Oct. 18, 2022).

This instant civil lawsuit is likewise doomed to fail. In this action, plaintiff states:

> Renata Foreman is NOT ASKING for a new New Trial, Ms. Foreman just wants to be released and financial compensated for the WRONGFUL CONVICTION, and IMPRISONMENT along with the STRONG PERSONAL HATRED Shelly Dick developed toward Renata Foreman.[5]

However, those forms of relief simply are not available in this civil action, and this matter should be dismissed for the following reasons.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[5] Rec. Doc. 20, p. 28.

3

(2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).  Those provisions apply even where, as here, the inmate has paid the filing fee.  Thompson v. Hayes, 542 F. App'x 420, 420 (5th Cir. 2013) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee."); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) ("§ 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis* …."); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) ("[W]e join the Sixth and Tenth Circuits in holding that [§ 1915A] applies even when a prisoner has paid the required filing fee.").

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Pursuant to the foregoing mandatory screening provisions, the undersigned finds that plaintiff's claims should be dismissed for the following reasons.

## I.  Claims Against Judge Dick

Because Judge Dick is a federal official, petitioner is apparently seeking to sue her pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the seminal case in which the United States Supreme Court authorized an implied damages remedy against federal officers for constitutional violations. However, to date, the Supreme Court has authorized such Bivens actions in only three contexts. See Springer v. United States, No. 21-11248, 2022 WL 2208516, at *1 (5th Cir. June 21, 2022) (citing Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment claim for failure to provide adequate medical assistance to an inmate); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim for gender discrimination); and Bivens (Fourth Amendment claim for unreasonable search and seizure)); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017) ("These three cases – Bivens, Davis, and Carlson – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."). Moreover, the Supreme Court "has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity.'" Abbasi, 137 S. Ct. at 1857. Indeed, the Supreme Court "has consistently refused to extend Bivens to any new context or new category of defendants ... for the past 30 years." Id. (quotation marks omitted).

Nevertheless, even if plaintiff could assert a Bivens claim against Judge Dick, Judge Dick would enjoy immunity for her judicial acts regardless of the form of relief sought under Bivens. See Villegas v. Galloway, 458 F. App'x 334, 337 (5th Cir. 2012); Butcher v. Guthrie, 332 F. App'x 161, 162 (5th Cir. 2009) (finding that federal judge's judicial immunity protected him against a claim for monetary damages); Thibodeaux v. Africk, Civ. Action No. 14-921, 2014 WL 3796078, at *3 (E.D. La. July 30, 2014) ("It is well established that judges enjoy absolute judicial immunity from suits for damages for all judicial acts except those undertaken with a clear absence of all

5

jurisdiction. … More recently, courts have extended this absolute judicial immunity to Bivens suits for injunctive relief." (quotation marks omitted)); Wightman v. Jones, 809 F. Supp. 474, 479 (N.D. Tex. 1992) ("[T]he Court determines that in the context of a Bivens action, judicial immunity bars both declaratory and equitable relief."). Regarding judicial immunity, the United States Fifth Circuit Court of Appeals has explained:

> Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction. …
>
> In determining whether [a judge's] actions were "judicial in nature," [a] Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993). In this lawsuit, plaintiff is attempting to sue Judge Dick for judicial actions she took (or failed to take) while presiding over plaintiff's federal criminal proceedings, a matter over which she clearly had jurisdiction. And her actions were precisely the types of actions to which judicial immunity apply.

Moreover, in any event, plaintiff is clearly attempting to use this Bivens action primarily to challenge her federal underlying conviction in an effort to secure her release. However, that simply is not allowed. Stark v. Holder, Civ. Action No. 3:14-CV-2920, 2014 WL 5013742, at *5 (N.D. Tex. Oct. 7, 2014), appeal dismissed as frivolous, 611 F. App'x 239 (5th Cir. 2015); accord Lash v. Zainey, Civ. Action No. 21-0173, 2021 WL 2143762, at *1 (E.D. La. Mar 4, 2021), adopted, 2021 WL 214521 (E.D. La. May 26, 2021).

For all of these reasons, plaintiff's Bivens claims against Judge Dick should be dismissed.

That, of course, does not mean that plaintiff was or is without recourse. If an individual believes that errors were committed in her federal criminal trial by the presiding judge, she can challenge the resulting conviction on both direct review (by filing an appeal) and collateral review

6

(by filing a motion to vacate pursuant to 28 U.S.C. § 2255). However, as noted, plaintiff has already pursued a direct appeal, and her convictions and sentences were affirmed. United States v. Foreman, 797 F. App'x 867 (5th Cir. 2020). As also noted, she sought relief under § 2255, and that motion is still pending. Moreover, even if that relief is ultimately denied, she can appeal.

What she cannot do is what she attempts here: attack her conviction by filing a federal civil rights action directly against Judge Dick. See, e.g., Hanna v. United States, No. 20-30581, 2021 WL 5237269, at *1 (5th Cir. Nov. 10, 2021) (finding that district court did not abuse its discretion in denying plaintiff's motion leave to amend his complaint "to assert Bivens claims against the federal judges for injunctive and declaratory relief," noting that the "claims have no legal basis; unsatisfied litigants may not collaterally attack a prior judgment by suing the judges who issued the decision in the prior case") (citing Lyons v. Sheetz, 834 F.2d 493, 495 (5th Cir. 1987); Rutherford v. United States District Courts, Civ. Action No. 10-2801, 2010 WL 3801017, at *1 (E.D. La. Sept. 2, 2010) ("Independent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments."), adopted, 2010 WL 3800921 (E.D. La. Sept. 21, 2010), appeal dismissed, 425 F. App'x 400 (5th Cir. 2011); Montesano v. New York, Nos. 05 CV 9574 and 05 CV 10624, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006) ("Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments."). Therefore, a swift dismissal of the claims against Judge Dick is appropriate and warranted.

## II.  Claims Against Special Agents Greer and Wilburn

As noted, plaintiff also claims that Special Agents Greer and Wilburn conducted an illegal search and seizure which resulted in evidence subsequently introduced at her trial and used to

7

secure her allegedly wrongful conviction. Those claims are currently barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, **when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.**

Id. at 486-87 (boldface emphasis added; footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 F. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 F. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004). Further, although Heck involved a federal civil rights action filed pursuant to 42 U.S.C. § 1983, **Heck applies equally to civil rights actions against federal officials filed pursuant to Bivens.** Stephenson v. Reno, 28 F.3d 26, 27 & n.1 (5th Cir. 1994); see also Combs v. City of Dallas, 289 F. App'x 684, 688 (5th Cir. 2008). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

Where an individual stands convicted based on evidence obtained in a search, Heck normally bars her from challenging the legality of the search and seizure in a federal civil case. See Johnson v. Bradford, 72 F. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002

8

WL 31049457 (5th Cir. Aug. 30, 2002); Guillot v. Castro, Civ. Action No. 17-6117, 2018 WL 3475294, at *4 (E.D. La. July 19, 2018), appeal dismissed, 772 F. App'x 161 (5th Cir. 2019); Huntley v. Southern Methodist University, No. 3:08-CV-1847, 2009 WL 2190213, at *2 (N.D. Tex. July 17, 2009); McMillen v. Nunley, No. 3:02-CV-2367, 2003 WL 22227863, at *2 (N.D. Tex. Sept. 25, 2003), adopted, 2003 WL 22469080 (N.D. Tex. Oct. 22, 2003).  Because that is precisely what plaintiff is attempting here, and because she does not indicate that a legal doctrine such as independent source, inevitable discovery, or harmless error would make a victory on her illegal search and seizure claims compatible with a valid conviction,[6] her claims against Special Agents Greer and Wilburn are currently barred by Heck.  Accordingly, those claims should be dismissed with prejudice until such time as the Heck conditions are met.[7]

### III. Claims Against Attorneys Upton, Talbot, and Conner

Lastly, plaintiff claims that defendants Upton, Talbot, and Conner, the attorneys who represented her in her federal criminal proceeding, provided her with ineffective assistance of counsel.  However, "[a]ttorneys do not perform a function that is traditionally the exclusive province of the government when they represent an individual in a federal criminal proceeding." Solesbee v. Nation, Civ. Action No. 3:06-CV-0333, 2008 WL 244343, at *10 (N.D. Tex. Jan. 29, 2008). Therefore, "[c]laims for ineffective assistance are simply not cognizable in [a] Bivens action."  Id.; see also Richards v. Flynn, 263 F. App'x 496 (7th Cir. 2008) (affirming *sua sponte* dismissal of Bivens action against assistant federal public defender); Cox v. Hellerstein, 685 F.2d

---

[6] It is noted that "[i]f the illegally obtained evidence is admissible under the independent source or inevitable discovery doctrine, or if the evidence's admission is deemed harmless, [a plaintiff's] claims would not necessarily imply the invalidity of his convictions." Blimline v. Thirty Unknown Employees of the Securities and Exchange Commission, 757 F. App'x 299, 302 (5th Cir. 2018) (citing Heck, 512 U.S. at 487 n.7).  Again, however, plaintiff makes no such representation here.

[7] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

9

1098, 1099 (9th Cir. 1982) (affirming dismissal of Bivens action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"); Allred v. McCaughey, 257 F. App'x 91, 92-93 (10th Cir. 2007); Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) ("[A]n attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action."); Bradford v. Shankman, No. 85-5150, 1985 WL 13659, at *1 (6th Cir. Aug. 12, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a Bivens action."); Davis v. Van Hook, No. 5:13-3277, 2014 WL 1248291, at *2 (W.D. La. Mar. 25, 2014) ("Federal public defenders and other attorneys appointed by a federal court to represent a defendant in a federal criminal prosecution are not federal officers for purposes of a Bivens-type claim. They do not act on behalf of the government …."); Sistrunk v. Breedy, Civ. Action No. 11-889, 2011 WL 2976471, at *2 n.6 (E.D. La. June 22, 2011) ("A federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of Bivens."), adopted, 2011 WL 2971280 (E.D. La. July 22, 2011).

### IV.  Abandoned Claims

As noted *supra*, plaintiff was expressly warned that her amended and superseding complaint would be the only operative version of the complaint, entirely replacing all prior versions of the complaint – and, therefore, any claims appearing in a prior version of the complaint but omitted from the amended and superseding complaint would be deemed abandoned.[8] Accordingly, because only the foregoing claims discussed herein were incorporated in her

---

[8] Rec. Doc. 16.

amended and superseding complaint, all other claims asserted in prior pleadings should be deemed abandoned and dismissed without prejudice.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Judge Shelly Dick be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Special Agents Michael Greer and Josh Wilburn be **DISMISSED WITH PREJUDICE to their being asserted again until the Heck conditions are met**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Mark Upton, Dustin Talbot, and Rachel Conner be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that all other claims previously asserted in this matter be deemed abandoned and **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __31st__ day of October, 2022.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**